People v Parra (2025 NY Slip Op 00197)

People v Parra

2025 NY Slip Op 00197

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind. No. 566/18 Appeal No. 3498 Case No. 2022-05050 

[*1]The People of the State of New York, Respondent,
v
Jorge Parra, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about November 1, 2022, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The court applied an automatic override for a prior felony sex crime conviction, which defendant does not dispute was properly applied. Although the conviction that formed the basis of the override occurred years ago, it was not too remote in time since defendant spent 21 of the 22 years between that offense and the instant offense in prison or under supervision, having committed additional crimes during that time (see People v Correa, 127 AD3d 610, 610 [1st Dept 2015]).
The restrictions on defendant's housing based on his risk level three adjudication does not qualify as a mitigating factor because it has no bearing on his risk of reoffense or the threat he poses to public safety (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]). Defendant's family support, community support, and his employment prospects were taken into account by the risk assessment instrument (see People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]). Moreover, he failed to demonstrate that his support network and employment prospects decreased his particular likelihood of reoffense (see id.).
Defendant failed to demonstrate that his age impacted his ability to reoffend, particularly given that he committed the underlying crime five years earlier, at the age of 46 (see People v Galarza, 220 AD3d 449, 449 [1st Dept 2023], lv denied 41 NY3d 903 [2024]). Accordingly, his reliance on studies indicating a decline in the rate of recidivism for sex offenders after the age of 40 is misplaced. Although his federal supervision may be a mitigating factor not adequately taken into account by the risk assessment instrument, he failed to demonstrate that this was a significant mitigating factor warranting a downward departure, particularly because he committed the underlying crime while he was under federal supervision (see People v Lewis, 143 AD3d 604, 605 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Furthermore, any mitigating factors cited were outweighed by the seriousness of the underlying offense and his pattern of recidivism.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025